## The Mina A. Read.[1]

### Camp and others v. The Mina A. Read, etc.

*(District Court, E. D. New York. February 21, 1887.)*

COLLISION—DAMAGE—DETENTION BY ICE WHILE WAITING FOR DRY-DOCK.
Libelant's vessel, after having been damaged by collision, proceeded to a dry-dock for repairs. While awaiting her turn at the dock, she became surrounded by ice, so that when the dock was clear she could not get to it, and in this way some days were lost. *Held*, that this time lost should not be charged against the colliding vessel as part of libelant's damage.

*Edward H. Hobbs*, for libelants.
*Carpenter & Mosher*, for claimant.

BENEDICT, J. The libelant's vessel having been damaged by collision, he was obliged to return to New York. When the vessel came in she went to a berth along-side a dry-dock in Jersey City, and a contract was made with the dock-owner to raise her, with her cargo in her. At the time of her arrival the dock was occupied by another vessel, and the libelant's vessel waited for the dock to be clear. While waiting, as the libelant says, she became surrounded by ice, so that when the dock was clear she could not get to the dock. In this way some days were lost, and the question now raised is whether this time lost must be paid for by the colliding vessel, as part of the damage caused by the collision. In my opinion, this detention is not a part of the damage caused by the collision, but was caused by the misfortune which befell the libelant's vessel while waiting for the dock. He selected his place of repairs, and his place to lie until the dock should be clear. While so lying he was subjected to certain risks. He became liable to be further damaged—sunk, perhaps—by some other vessel, and, as it now appears, to be hemmed in by ice, and so delayed. But for none of these things could he recover of the other colliding vessel. The delay he suffered was caused by ice, and not by the colliding vessel.

The exceptions are overruled.

[1]Reported by Edward G. Benedict, Esq., of the New York bar.